UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61126-CIV-COHN/SELTZER

NADIA N. HEMMINGS,

      Plaintiff,

v.

KEN JENNE, former Sheriff, and AL LAMBERTI,
current Sheriff of Broward County, Florida,
in their individual and official capacity;
ERIC M. FERBER, in his
individual and official capacity,

      Defendants.

_____/

## ORDER GRANTING MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff Nadia N. Hemmings's Motion to

Remand [DE 36].  The Court has considered the Motion to Remand, Defendant Sheriff

Al Lamberti's Response [DE 37], the record in this case, and is otherwise advised in the

premises.[1]

## I. BACKGROUND

On May 28, 2010, Plaintiff Nadia N. Hemmings brought this action in the

Seventeenth Judicial Circuit Court, Broward County Florida, for a variety of claims

arising out of an alleged sexual assault by Defendant Deputy Eric M. Ferber, a Broward

County Sheriff's Office Child Protection Investigator.  See DE 1.  The case was

removed to this Court on July 1, 2010 after Sheriff Lamberti filed a Notice of Removal

based on federal question jurisdiction.  See id.  Ms. Hemmings then filed her Amended

_____

[1]  The Court notes that no Reply was filed and the time for doing so has passed.

Complaint [DE 7] on July 15, 2010, and Sheriff Lamberti filed his Motion to Dismiss the Amended Complaint [DE 12] on July 26, 2010.  On October 12, 2010, this Court granted in part the Motion to Dismiss, dismissing certain claims, including the federal claim, without prejudice.  DE 33.  Thereafter, on October 28, 2010, Ms. Hemmings filed her Second Amended Complaint [DE 35], dropping the federal claim and alleging only state law tort claims.  On November 3, 2010, Ms. Hemmings moved for remand to state court.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction.  See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008).  Federal subject matter jurisdiction exists only when a controversy involves a question of federal law or diversity of citizenship between the parties.  See 28 U.S.C. §§ 1331-1332.  When a case involves additional claims that form part of the same case or controversy as those over which a court has federal subject matter jurisdiction, the court may assert supplemental jurisdiction over those additional claims. See 28 U.S.C. § 1367.  The instant case was removed based on federal question jurisdiction because it involved a question of federal law, and the Court exercised supplemental jurisdiction over the related state law claims.

When a district court dismisses all claims over which it has original jurisdiction, the court has discretion to decline to exercise supplemental jurisdiction over the remaining claims.  See 28 U.S.C. § 1367(c)(3).  In exercising its discretion, a district court considers  "the values of judicial economy, convenience, fairness, and comity," City of Chi. v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997), by evaluating "the

2

circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims," id. The Eleventh Circuit "encourage[s] district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004).

This case remains in its early stages.  Trial is not set to commence until April 18, 2011, and the discovery deadline of January 26, 2011 has not yet passed.  Any discovery already completed will be useful no matter where the case is ultimately resolved.  Sheriff Lamberti fears that a remand may delay the case's resolution, but the parties are free to address the issue of their trial date and pretrial deadlines in state court.  Sheriff Lamberti's argument that the state claims have a common nucleus of operative fact with the federal law claim is inapposite now that the federal claim is no longer at issue.  Finally, a federal court's "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Duran v. Greenpoint Mortg. Funding, Inc., No. 09-20411-CIV, 2009 WL 5166261, at *4 (S.D. Fla. Dec. 29, 2009).  The values of judicial economy, convenience, fairness, and comity therefore weigh in favor of remand.  Accordingly, the Court, in its discretion, will not exercise supplemental jurisdiction over the remaining state law claims in this matter, and will remand the case to state court.

3

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    Plaintiff's Motion to Remand [DE 36] is **GRANTED**.  This case is **REMANDED** to

the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida,

for lack of subject matter jurisdiction;

2.    The Clerk of this Court is hereby directed to forward a certified copy of this Order

to the Clerk of the Circuit Court of the 17th Judicial Circuit in and for Broward

County, Florida, Case No. 10-022817 (04);

3.    All pending motions are **DENIED AS MOOT**;

4.    The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this _4th_ day of December, 2010.

**JAMES I. COHN**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
Counsel of record via CM/ECF

4